UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TAYLOR ARMSTRONG | CIVIL ACTION |
| VERSUS | |
| KIRSTJEN NIELSEN, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY[1] | NO.: 17-00553-BAJ-EWD |

## RULING AND ORDER

Before the Court is the **Motion to Dismiss (Doc. 15)** filed by the Defendant Federal Emergency Management Agency. Plaintiff Tammy Armstrong filed an opposition, (Doc. 17), and Defendant filed a reply. (Doc. 18). For the following reasons, the Motion to Dismiss (Doc. 15) is **GRANTED**.

I. BACKGROUND

This case arises from the catastrophic flooding that struck southern Louisiana in August 2016. (Doc. 1 at ¶ 5). Plaintiff alleges that the flood caused substantial damage to her property at 3643 Yosemite Drive, Baton Rouge, Louisiana. *Id.* She also alleges that the Federal Emergency Management Agency ("FEMA") issued her insurance under the National Flood Insurance Program, and FEMA has failed to pay her flood claim. *Id.* at ¶ 3.

---

[1] Plaintiff initially named Acting Secretary of Homeland Security Elaine Duke as the Defendant, but since filing this lawsuit Acting Secretary Duke has been replaced by Secretary Kirstjen Nielsen. The Court therefore replaces Acting Secretary Duke with Secretary Nielsen as the Defendant. *See* Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity . . . ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party.")

1

By way of background, the National Flood Insurance Program is a federally supervised insurance program established by the National Flood Insurance Act of 1968 and administered by FEMA, which guarantees and subsidizes flood insurance. *See* 44 C.F.R. §§ 59–79 (2013). The National Flood Insurance Program includes two types of government-financed flood insurance. First, there is the Government program, where policyholders, like Plaintiff, are insured directly by FEMA. *Palmieri v. Allstate Ins. Co.*, 445 F.3d 179, 183 (2d Cir. 2006) (citing 42 U.S.C. §§ 4071–4072) (internal quotations and citation omitted). In the Government program, "the government run[s] the National Flood Insurance Program itself—offering federally underwritten policies[.]" *Id.* Under the second program, which Plaintiff's claims do not arise under, called the Write Your Own program ("WYO"), policyholders are insured by participating private insurance companies. *Id.* "Although FEMA may issue policies directly under the Government Program, 'more than 90% are written by WYO companies.'" *Id.* (quoting *C.E.R. 1988, Inc. v. Aetna Cas. and Surety Co.*, 386 F.3d 263, 267 (3d Cir. 2004)).

Plaintiff contends that she filed a flood claim with FEMA, and FEMA submitted an estimate for $49,255.00 with an accompanying payment of $36,565.60, but that this amount was less than she needed to repair her property. (Doc. 1 at ¶ 7). Plaintiff then alleges that she submitted a supplemental flood claim totaling $69,159.44. *Id.* at ¶ 8. She alleges that FEMA agreed through a claims adjuster to pay an additional $39,957.63 plus $7,651.85 for depreciation, but has failed to do so. *Id.* at ¶ 9.

Plaintiff sued the Acting Secretary of Homeland Security.[2] *Id.* at ¶ 2. She sued for breach of insurance contract and failure to tender payment for casualty losses. *Id.* at ¶ 2. Defendant thereafter filed a Motion to Dismiss. (Doc. 15).

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims." *In re FEMA Trailer Formaldehyde Products Liab. Litig*, 668 F.3d 281, 286 (5th Cir. 2012). Under Rule 12(b)(1) a claim is "properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim." *Id.* (quoting *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). A court should consider a Rule 12(b)(1) attack before addressing any challenge on the merits. *Id.*

## III. DISCUSSION

Defendant contends that Plaintiff has improperly sued the Secretary of Homeland Security, rather than the Administrator of FEMA who is the proper defendant. (Doc. 15-1 at p. 3). In support of its argument, Defendant relies on the provision of the National Flood Insurance Act, which provides federal courts with jurisdiction to hear disputes over National Flood Insurance claims. *See* 42 U.S.C. §

---

[2] Rather confusingly, Plaintiff named the United States Department of Homeland Security, Elaine Duke, Acting Secretary of FEMA, in her capacity as the Administrator of National Flood Insurance Program as the defendant. When Plaintiff filed her Complaint, Elaine Duke was the Acting Secretary of the Department of Homeland Security and not the Acting Secretary of FEMA. *See* https://www.dhs.gov/person/elaine-c-duke. Therefore, the Court construes Plaintiff's Complaint as an action against the Acting Secretary of the Department of Homeland Security Elaine Duke. This is consistent with Plaintiff's argument that it properly named the Secretary of the Department of Homeland Security as the defendant. (Doc. 21 at p. 2).

4072. Under 42 U.S.C. § 4072, the United States has enacted a limited waiver of sovereign immunity to provide federal courts with exclusive jurisdiction for claims arising out of the National Flood Insurance Program. *Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 531 (5th Cir. 2015). Section 4072 provides that a national flood insurance claimant "may institute an action against *the Administrator* on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated[.]" *Id.* (emphasis added). "Administrator" refers to the Administrator of FEMA. § 4004(a)(3). And federal courts have jurisdiction over these claims "without regard to the amount in the controversy." § 4072.

Even though Plaintiff agrees that § 4072 provides that claimants must sue the Administrator of FEMA for National Flood Insurance-related claims, Plaintiff argues that the Secretary of Homeland Security is the proper defendant. (Doc. 17 at p. 1-2). Plaintiff contends that because the Homeland Security Act of 2002, which created the Department of Homeland Security, transferred FEMA's functions to the Department of Homeland Security, the Secretary of Homeland Security must be sued for claims involving the National Flood Insurance Program. (Doc. 17 at p. 2). In other words, Plaintiff contends that because FEMA moved under Homeland Security's umbrella, only the Secretary of Homeland Security may be sued for flood-related claims. Plaintiff is correct that in 2002, FEMA's functions were transferred to Homeland Security, but it does not follow that the Secretary of Homeland Security must be sued

4

for National Flood Insurance Program claims. *See* Homeland Security Act of 2002, PL 107–296, tit. V, § 503, November 25, 2002, 116 Stat 2135.

The problem with Plaintiff's argument is that ten years after Congress created the Department of Homeland Security, and it supposedly stripped the FEMA administrator of its role, Congress amended the National Flood Insurance Act to provide that the Administrator of FEMA must be sued for National Flood Insurance Program claims. *See* Moving Ahead for Progress in the 21st Century Act, Pub. L. 112-141, div. f, tit. II, § 100238(b)(1), 126 Stat. 412 (2012) (codified at 42 U.S.C. § 4072 and 4121(a)(6) (2016)). Before 2012, claimants had to sue the Director of FEMA. *See* Supplemental Appropriations Act, Pub. L. 98-181, tit. IV, § 451(d)(1), 97 Stat. 1157 (1983) (codified at 42 U.S.C. § 4072 and 4121(a)(6) (1988)). And before 1983, claimants had to sue the Secretary of Housing and Urban Development. *See* National Flood Insurance Act of 1968, Pub. L. 90-448, tit. XIII, § 1341 and 1370(6), 82 Stat. 584 (1968) (codified at 42 U.S.C. § 4072 and 4121(a)(6) (1970)).

When Congress amends a statute, it reflects an intention to change the meaning of that statute. *See Rumsfeld v. Forum for Academic & Institutional Rights, Inc.*, 547 U.S. 47, 57–58 (2006). The Supreme Court has "refuse[d] to interpret [a statute] in a way that negates its recent revision, and indeed would render it a largely meaningless exercise." *Id.* But that is precisely what Plaintiff seeks to do. If Plaintiff were correct that the Homeland Security Act of 2002 requires claimants to sue the Secretary of Homeland Security for National Flood Insurance claims, the

2012 revision to the National Flood Insurance Act, which requires that the FEMA administrator must be sued, would be meaningless.

It is also worth noting that several district courts, citing the same reasons as Plaintiff, concluded that the Secretary of Homeland Security is the proper defendant in National Flood Insurance Program cases. *See Villemarette v. FEMA*, No. 13-CV-5400, 2014 WL 4066786, at *1 (E.D. La. Aug. 15, 2014); *Hall v. Dep't of Homeland Sec.*, No. 13-CV-241, 2014 WL 2155244, at *1 (E.D. La. May 22, 2014). And in fact, the government has also taken this position in another case. *See* FEMA's Memorandum in Support of Summary Judgment at 11, *Toups v. FEMA*, No. 13-CV-5226 (E.D. La. Oct. 29, 2013). In all of these cases, though, the courts and the government did not address the significance of the 2012 amendment to the National Flood Insurance Act, which provides that the Administrator of FEMA must be sued for National Flood Insurance claims. The Court thus concludes that the Administrator of FEMA and not the Secretary of Homeland Security is the proper defendant here. The Court therefore lacks subject matter jurisdiction, and the Court will grant Defendant's Motion to Dismiss.

Finally, given the massive number of August 2016 flood-related lawsuits filed in this district, it should be noted that the conclusion reached here is limited to insurance policies obtained directly from FEMA, rather than policies obtained through the Write Your Own Program, where policies are issued directly by private insurance companies. In Write Your Own cases, courts have held that policyholders must sue the private insurer directly because FEMA is not the real party in interest.

*See Remy v. Hartford Fire Ins. Co.*, No. 13-CV-5666, 2014 WL 6390862, at *1 (E.D. La. Nov. 10, 2014) ("In cases involving disputes arising out of a standard flood policy issued by a WYO provider, the WYO insurer, not the federal government, is the only real party of interest and is solely liable for the coverage of the standard policy that it provided."); *Kronenberg v. Fid. Nat. Ins. Co.*, No. 07-CV-4877, 2008 WL 631277, at *2 (E.D. La. Mar. 5, 2008); *see also Bruno v. Paulison*, No. 08-CV-0494, 2009 WL 377300, at *6 (D. Md. Feb. 12, 2009) (collecting cases).

## IV. CONCLUSION

Accordingly,

Defendant's **Motion to Dismiss (Doc. 15)** is **GRANTED**. Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

Baton Rouge, Louisiana, this 9th day of October, 2018.

**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**